**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 06-cv-01493-REB

MARK V. LEWIS,

     Plaintiff,

v.

MICHAEL J. ASTRUE,[1] Commissioner of Social Security,

     Defendant.

**ORDER AFFIRMING COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#3], filed August 1, 2006, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is disabled as a result of an organic mental disorder resulting from a closed head injury he sustained in an accident as a teenager. After his

---

[1] Michael J. Astrue was confirmed by the Senate to replace Jo Anne Barnhart as the Commissioner of Social Security on February 1, 2007. Thus, he is substituted as the defendant in this suit. **FED.R.CIV.P.** 25(d)(1). By virtue of the last sentence of 42 U.S.C. § 405(g), no further action need to taken to continue this lawsuit.

application for disability insurance benefits and supplemental security income was denied, plaintiff requested a hearing before an administrative law judge.  This hearing was held on August 4, 2005.  At the time of the hearing, plaintiff was 41 years old.  He has a college degree and past relevant work experience as a health care aide, phlebotomist, grocery clerk, prison guard, and cashier.  Although his earnings records indicated that he might have engaged in substantial gainful activity for a six-month period in 2004, the ALJ did not develop that evidence further.  Plaintiff alleges an onset date of May 1, 2002.

The ALJ found that plaintiff was not disabled and, therefore, not entitled to disability insurance benefits.  Although the medical evidence established that plaintiff suffered from severe mental impairments, the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations.  The ALJ found that plaintiff had the residual functional capacity to perform work at all exertional levels, limited to occasional public contact.  Although this finding meant that plaintiff was unable to return to his past relevant work, the ALJ, using the Medical-Vocational grids as a framework for decisionmaking, found that there were jobs existing in significant numbers in the national economy that he could perform given his residual functional capacity.  He, therefore, found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed that decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his

physical and mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).   However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

    1.    The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity.  A claimant who is working is not disabled regardless of the medical findings.

    2.    The ALJ  must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

    3.    The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

    4.    If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

    5.    If the claimant does not have the residual functional capacity

> to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of

4

substantial evidence." **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. **Id.**

### III. LEGAL ANALYSIS

Plaintiff presents three principal arguments in this appeal. First, he maintains that the ALJ erred at step three of the sequential evaluation by failing to accept the opinion of Dr. Helffenstein that plaintiff's mental disorder was presumptively disabling under the listings. Second, he contends that the ALJ relied improperly on the Medical-Vocational grids in order to meet the Commissioner's burden of proof at step five of the sequential evaluation process. Finally, he argues that the ALJ's determination regarding his credibility is not supported by substantial evidence. None of these contentions has merit.

Plaintiff claims that the opinion of Dr. Dennis A. Helffenstein, a licensed clinical psychologist, supports the conclusion that his condition meets the requirements of section 12.02 of the listing of impairments, which sets forth the criteria for presumptively disabling organic mental disorders.[2] (**See** Tr. 247-264.) Although Dr. Helffenstein did so opine, the ALJ noted that the evidence relevant to this determination was conflicting. (Tr. 28.) Other evidence in the record, specifically the consultative opinion of Dr. David A. Williams, which, in turn, was based on the report of

---

[2] Contrary to plaintiff's arguments, Dr. Helffenstein, who saw plaintiff only twice, is not properly considered a treating source. **See** 20 C.F.R. § 404.1502 (treating source is one with whom claimant has "ongoing treatment relationship"). The ALJ, therefore, did not err in failing to afford this opinion controlling weight or failing to discuss why the opinion was not given controlling weight. **See** 20 C.F.R. § 416.1527(d)(2).

5

Dr. Brad Marten, who examined plaintiff in June, 2004, supports the conclusion that plaintiff does not suffer from the type of "marked" restrictions and difficulties necessary to satisfy the "B" criteria of the listing.[3]  (Tr. 91-92.)  Moreover, the ALJ noted specific, legitimate reasons why he found Dr. Helffenstein's disability opinion suspect.  (Tr. 30.) "It is the ALJ's province, as fact finder, to decide the appropriate weight to be given such contradictory medical evidence."[4]  *Reynolds v. Apfel*, 1998 WL 658351 at *1 (10th Cir. Sept. 15, 1998).  Because substantial evidence otherwise supports his conclusion at step three of the sequential evaluation, I may not disturb that determination.

Nor did the ALJ err in using the Medical-Vocational grids as a framework for decisionmaking at step five.  "The presence of a nonexertional impairment does not preclude the use of the Grids.  Use of the Grids is only precluded to the extent that nonexertional impairments further limit the claimant's ability to perform work at the applicable exertional level."  *See Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988) (citations omitted).  *See also Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) (use of grids not error if plaintiff can perform majority of work within designated residual functional capacity category despite existence of nonexertional impairment).  The ALJ found that plaintiff's ability to perform work at all exertional levels was not significantly

---

[3] There is no evidence that plaintiff satisfies the alternative criteria of subsection C of the listing. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.02(C).

[4] Nor was the ALJ required to contact Dr. Hellfenstein to inquire further as to his opinion.  That duty is triggered only when the evidence the ALJ receives from the physician is inadequate to reach a determination regarding disability, not merely because the ALJ rejects the opinion.  *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2001).

compromised by his nonexertional limitations. (Tr. 31.) His reliance on the grids, therefore, was not error.

Finally, I find the ALJ's assessment of plaintiff's credibility fully supported by the record. "[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." **White v. Barnhart**, 287 F.3d 903, 909 (10th Cir. 2001) (citing **Kepler v. Chater**, 68 F.3d 387, 390-91 (10th Cir. 1995)). So long as the ALJ links his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference. *Id.* at 910; *see also* **Qualls v. Apfel**, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ more than adequately met that standard here. (*See* Tr. 29.)

**THEREFORE, IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff is not disabled is **AFFIRMED**.

Dated June 19, 2007, at Denver, Colorado.

        **BY THE COURT:**

        s/ Robert E. Blackburn
        **Robert E. Blackburn**
        **United States District Judge**